IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Carolyn Caughman, | ) | C/A No. 3:09-503-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| South Carolina Department of Motor Vehicles, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Carolyn Caughman ("Caughman"), filed this employment case against the defendant, the South Carolina Department of Motor Vehicles ("SCDMV"). This case is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on SCDMV's motion to dismiss pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Docket Entry 15.)

By order filed April 21, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Caughman was advised of the importance of a motion to dismiss and of the need for her to file an adequate response to the motion. (Docket Entry 18.) On May 26, 2009, Caughman filed a "Motion to Continue" in which she requested that the court stay her case for six months to allow her to hire an attorney. (Docket Entry 24.) The defendant filed a response in opposition to Caughman's motion, alleging that Caughman had not stated sufficient grounds to stay this proceeding and that a stay would materially prejudice the defendant. (Docket Entry 25.) Further, the defendant argued that Caughman had ample opportunity to obtain counsel over the course of the litigation of this matter. The court denied Caughman's motion to stay on November 13, 2009 and gave Caughman

an additional fifteen (15) days to file a response to the defendant's motion to dismiss. (Docket Entry 34.) Caughman filed a motion for an extension of time (Docket Entry 37), which the defendant opposed (Docket Entry 38) and the court denied (Docket Entry 39). Rather than submitting a response addressing the arguments raised in the defendant's motion to dismiss, Caughman filed a document in which she requested that her case be mediated. (Docket Entry 41.) These motions are now before the court for a Report and Recommendation.

## BACKGROUND

Caughman is a former employee of SCDMV who alleges that she was wrongfully terminated following surgery in 2007 for a lingering knee injury stemming from an on-the-job fall in 1999. SCDMV terminated Caughman's employment in October 2007 for accumulating three or more offenses under SCDMV's policies within two years. (Def.'s Mot. to Dismiss, Docket Entry 15 at 1; Termination Letter, Docket Entry 14-1.) Caughman appealed her termination to the State Employee Grievance Committee and then on to the South Carolina Administrative Law Court. She then commenced this action in federal court asserting claims for violation of the federal Family Medical Leave Act ("FMLA"), the federal Americans with Disabilities Act ("ADA"), and a state law claim of violation of S.C. Code Ann. § 41-1-80, which prohibits unlawful retaliation against employees who file a workers' compensation claim. (Compl., Docket Entry 1; Def.'s Mot. to Dismiss, Docket Entry 15 at 1.)

## DISCUSSION

**A.    Motion to Dismiss Standard**

The defendant has moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) contending that the Complaint should be dismissed because SCDMV is immune from

suit pursuant to the Eleventh Amendment to the United States Constitution and because her state law claim is barred. A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) examines whether the complaint fails to state facts upon which jurisdiction can be founded. It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

**B.      SCDMV's Motion to Dismiss**

Despite ample opportunity to do so, Caughman has filed no substantive response to SCDMV's motion. Having carefully reviewed SCDMV's motion and supporting memorandum, the court agrees that this case must be dismissed, as Caughman cannot pursue the claims she raises in her Complaint against SCDMV in federal court.

First, Caughman's FMLA claim centers around her allegations that SCDMV failed to allow her leave to obtain medical care for herself. (Compl. ¶¶ 12-15, Docket Entry 1 at 2.) SCDMV is



immune from suit on this claim in federal court pursuant to the Eleventh Amendment to the United States Constitution.

The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. art. XI. Sovereign immunity protects both the State itself and its agencies, divisions, departments, officials, and other "arms of the State." See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989); see also Regents of the Univ. of California v. Doe, 519 U.S. 425, 429 (1997) ("[I]t has long been settled that the reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities.").

As a state agency, SCDMV is an arm of the State of South Carolina. See Will, 491 U.S. at 70. Accordingly, it is immune from suit in federal court unless it waives its immunity or Congress abrogates its immunity. Lapides v. Board of Regents, 535 U.S. 613 (2002) (noting that a State may waive sovereign immunity); Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139 (1993) (stating that absent waiver of Eleventh Amendment immunity, "neither a State nor agencies acting under its control may be subject to suit in federal court") (quotations and citations omitted); Bd. of Trustees of Univ. of Alabama v. Garrett, 531 U.S. 356, 363 (2001) ("Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and 'act[s] pursuant to a valid grant of constitutional authority.' ") (quoting Kimel v. Florida Bd. of Regents, 528 U.S. 62, 73 (2000)).

PJG

SCDMV has expressly not waived its immunity from suit in federal court. See S.C. Code Ann. § 15-78-20(e) (expressly stating that the State of South Carolina does not waive sovereign immunity from suit in federal court). Moreover, nearly every circuit confronting FMLA claims against state employers have held that in passing the FMLA, Congress did not abrogate Eleventh Amendment immunity as to so-called "self-care" claims. See, e.g., Nelson v. Univ. of Texas at Dallas, 535 F.3d 318, 321 (5th Cir. 2008); Miles v. Bellfontaine Habilitation Ctr., 481 F.3d 1106 (8th Cir. 2007); Toeller v. Wisconsin Dep't of Corr., 461 F.3d 871 (7th Cir. 2006); Touvell v. Ohio Dep't of Mental Retardation & Developmental Disabilities, 422 F.3d 392, 402 (6th Cir. 2005); Brockman v. Wyoming Dep't of Family Servs., 342 F.3d 1159, 1164 (10th Cir. 2003); cf. Nevada Dep't of Human Res. v. Hibbs, 538 U.S. 721 (2003) (holding that the *family-care* leave provision of the FMLA abrogated the Eleventh Amendment). Although the Fourth Circuit has not expressly addressed this question since the United States Supreme Court decided the Hibbs case, the court finds, based on precedent pre-dating Hibbs, that the Fourth Circuit would likely follow the reasoning of its sister circuits and determine that Congress did not abrogate sovereign immunity for *self-care* FMLA claims. See Lizzi v. Alexander, 255 F.3d 128, 135-136 (4th Cir. 2001) (overruled in part by Hibbs, 538 U.S. 721, as to the family-care leave provision).

Similarly, Caughman's ADA claim against SCDMV is barred by the Eleventh Amendment. See Bd. of Trustees of the Univ. of Alabama v. Garrett, 531 U.S. 356 (2001).

Finally, because Caughman cannot pursue her federal claims against SCDMV in this forum, the court recommends that supplemental jurisdiction over her purely state law claim based on retaliation for filing a workers' compensation claim not be exercised. See 28 U.S.C. § 1367(c)(3)

(permitting a federal court to decline to exercise supplemental jurisdiction over state law claims if it has dismissed all claims over which it has original jurisdiction).

## RECOMMENDATION

For the foregoing reasons, the court recommends that SCDMV's motion to dismiss (Docket Entry 15) be granted pursuant to Federal Rules of Civil Procedure 12(b)(6)[1] and that the Complaint in this case be dismissed without prejudice. The court further recommends that, should the district judge adopt this recommendation, Caughman's motion for mediation (Docket Entry 41) be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 15, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[1] The defendant makes the instant motion pursuant to both Rule 12(b)(1) and 12(b)(6). The Supreme Court has not expressly addressed the question whether Eleventh Amendment immunity deprives the court of subject matter jurisdiction. See Wisconsin Dep't of Corr. v. Schacht, 524 U.S. 381, 391 (1998). The court observes that the Supreme Court has held that an Eleventh Amendment immunity defense can be waived and need not be addressed by the court *sua sponte.* Id. at 389. Accordingly, the court recommends dismissal pursuant to Rule 12(b)(6). The court further recommends that because the grounds for dismissal are forum-based, the dismissal be without prejudice.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).