IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Carolyn Caughman, | ) | C/A No.: 3:09-503-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| South Carolina Department of | ) | **ORDER** |
| Motor Vehicles, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court for review of the Magistrate Judge's report and recommendation ("Report") made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(D.S.C.).

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a <u>de novo</u> determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a <u>de novo</u> or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

<u>Wallace v. Housing Auth. of the City of Columbia</u>, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

1

Plaintiff Carolyn Caughman filed this employment case against the defendant South Carolina Department of Motor Vehicle alleging it: (1) violated the Family Medical Leave Act ("FMLA"); (2) violated the American with Disabilities Act ("ADA"); and (3) violated S.C. Code Ann. § 41-1-80 by retaliating against her for filing a worker's compensation claim.

The matter now comes before the court on defendant's motion to dismiss [dkt. #15] and plaintiff's motion for mediation [dkt. #41]. The Magistrate Judge filed a detailed and comprehensive Report on December 15, 2009 [dkt. #44], recommending: (1) that defendant's motion to dismiss the federal claims be granted without prejudice pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds of Eleventh Amendment immunity, (2) that the court decline to exercise supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367(c)(3), and (3) that plaintiff's motion for mediation be denied. Both parties filed objections.

In light of the standard set out above, the court has reviewed the record, the applicable law, the Report of the Magistrate Judge, together with the parties' objections. The court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts of this matter.

The Report correctly notes that SCDMV is an arm of the state of South Carolina, that it has not expressly waived its immunity from suit in federal court, and that Congress did not abrogate sovereign immunity against private suits for money damages brought under the ADA or the self-care provision of the FMLA. However, the court agrees with defendant's

objection that sovereign immunity is a broader concept than Eleventh Amendment immunity from suit in federal court. "State sovereign immunity" embodies a broader grant of immunity from suit than mere jurisdictional immunity, as the Supreme Court clarified in Alden v. Maine, 527 U.S. 706 (1999) ("Eleventh Amendment immunity" neither derives from, nor is limited by, the terms of the Eleventh Amendment). Plaintiff has failed to cite to any case disputing the finding that there has been no valid congressional abrogation of state immunity with regard to her FMLA and ADA claims. Rather, the court finds that state sovereign immunity bars plaintiff from pursuing a private suit for money damages pursuant to FMLA and ADA against defendant. Therefore, the court dismisses plaintiff's FMLA and ADA claims with prejudice.

Because the Magistrate Judge suggests that the court decline jurisdiction over the remaining state law claim for retaliation, the Report makes no recommendation regarding the disposition of that claim. Defendant's objection contends that plaintiff's retaliation claim is barred by the statute of limitations and by the doctrine of collateral estoppel such that the court should exercise supplemental jurisdiction and dismiss it with prejudice.

Supplemental jurisdiction provides that federal courts may hear certain state law claims which are part of the same case or controversy of an action within the original jurisdiction of the federal courts. 28 U.S.C. § 1367. A court that dismisses the claims over which it has original jurisdiction nevertheless has discretion whether to retain supplemental jurisdiction over the remaining state claim. Id. § 1367(c)(3). In exercising that discretion,

3

the district court must consider "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." Semple v. City of Moundsville, 195 F.3d 708, 714 (4th Cir.1999).

The court finds that the Semple factors support the court's exercise of jurisdiction over plaintiff's retaliation claim. The court finds that continuing jurisdiction over the retaliation claim is both fair and convenient to both parties, as neither side would incur additional expenses, and because the parties have already briefed the underlying issues. Were this court to decline supplemental jurisdiction over the retaliation claim, plaintiff would be required to refile in state court and would incur additional filing fees and delay. Further, because plaintiff originally filed her state claim in federal court, the court finds that she considered federal adjudication adequate.

The remaining Semple factors of federal policy and considerations of comity do not weigh against retaining supplemental jurisdiction over the state retaliation claim. This court's consideration of plaintiff's retaliation claim involves a straightforward application of well-defined case law. Further, the court finds that retaining supplemental jurisdiction over the retaliation claim also serves the interests of judicial economy, as both parties have completed discovery and briefed the relevant issues in this case, and would avoid the expenditure of scarce judicial resources by forcing a state court to needlessly familiarize itself with the facts of this case with which this court is well-familiar. Considering each of

the Semple factors, the court finds ample justification to retain supplemental jurisdiction over the remaining state law claim.

Having reviewed the record in this case, the court agrees with defendant's objection that plaintiff's retaliation claim is barred by the statute of limitations. S.C. Code Ann. § 41-1-80 states that "[t]he statute of limitations for actions under this section is one year." Plaintiff alleges in her complaint that SCDMV terminated her employment on October 5, 2007. Plaintiff filed this action on February 27, 2009, more than sixteen months from the date of her termination from employment. Having failed to file within the applicable statute of limitations, plaintiff's retaliation claim must be dismissed with prejudice.

The court adopts the recommendation of the Magistrate Judge to the extent it is consistent herewith. Defendant's objection is sustained, and plaintiff's objection is overruled. Defendant's motion to dismiss is granted, and plaintiff's motion for mediation is denied. The clerk is instructed to close this case.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

January 26, 2010
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge